UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BARRY F. JONES and KELI C. JONES, | | |
| Plaintiffs, | | CIVIL ACTION |
| v. | | NO. 1:12-CV-542-CAP |
| CHASE HOME FINANCE, LLC, | | |
| Defendant. | | |

**O R D E R**

This action is before the court on the defendants' motion to dismiss [Doc. No. 2].

**I.   Background**

The complaint in this action alleges causes of action against the defendants for (1) wrongful foreclosure–standing; (2) wrongful foreclosure–breach of duty of good faith and fair dealing; (3) theft by deception; and (4) negligent supervision [Doc. No. 1 at ¶¶ 35-76].   The plaintiffs are seeking compensatory and punitive damages plus costs and attorney fees [Doc. No. 1, p. 20]. The defendant removed this action to this court and moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).

According to the complaint, on November 21, 2007, the plaintiffs refinanced the mortgage on their property located at 259 Spence Ave., SE, Atlanta, Georgia 30317 with Chase Bank USA, NA

("Chase") in the amount of $218,000.00.  The plaintiffs executed a Deed to Secure Debt in favor of Chase.

On May 26, 2009, Chase executed an assignment that transferred, sold, assigned, conveyed and set over  all right, title and interest in the Security Deed to JPMorgan Chase Bank, NA. On December 21, 2010, Chase executed another assignment that transferred, sold, assigned, conveyed and set over all right, title and interest in the Security Deed to Chase Home Finance, LLC ("CHF" or "the defendant").

In May 2009, the plaintiffs entered into a trial modification agreement and made payments under this agreement for fourteen months.  In August 2010, the plaintiffs' mortgage payment was rejected.  The plaintiffs petitioned for a permanent modification on their loan and were told that their request was under consideration.

On October 31, 2011, the plaintiffs received a letter from Johnson & Freedman, the foreclosure law firm, informing them that the defendant determined the plaintiffs to be ineligible for the requested loan modification.  The letter stated that the decision to deny the modification request had been made on July 29, 2011.

On November 1, 2011, one day after the plaintiffs were notified that the loan modification request was denied, the foreclosure of the property occurred.  The plaintiffs allege that

had they been aware the modification requests had been denied, they would have paid the money necessary to reinstate their mortgage loan or inquired into another option to save their home from foreclosure.

## II.  Standard

In considering a defendant's motion to dismiss, the court accepts the plaintiffs' allegations as true, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993). A complaint attacked by a Rule 12(b)(6) motion to dismiss generally does not need detailed factual allegations:

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). Ultimately, the complaint is required to contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim," but a complaint must also "provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005). A pleading that offers

mere labels and conclusions or a formulaic recitation of the elements of a cause of action is subject to dismissal.  Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S.Ct. 1937, 1949 (2009).

## III. Analysis

### A.   Wrongful foreclosure

"A claim for wrongful exercise of a power of sale under OCGA § 23-2-114 can arise when the creditor has no legal right to foreclose." Brown v. Freedman, 474 S.E.2d 73, 75 (Ga. Ct. App. 1996).  Both of the plaintiffs' claims for wrongful foreclosure are premised on the allegation that the defendant did not have authority to exercise the power of sale because it had no interest in the property [Doc. No. 1 at ¶¶ 42, 43, and 52].   More specifically, the plaintiffs contend that because on May 26, 2009, Chase assigned all rights and interest in plaintiffs' property to JPMorgan Chase, the December 21, 2010, assignment by Chase to the defendant conveyed nothing.

In support of the motion to dismiss, the defendant has submitted public records to establish CHF (the defendant) merged into JPMorgan Chase as of May 1, 2011.  See Ex. D to the m. to dismiss [Doc. No. 2].  However, those documents establish that the surviving entity was JPMorgan Chase.  See id.[1]   Therefore,

_____

[1]   In the response to the motion to dismiss, the plaintiffs state that plaintiffs' counsel was unaware of the merger and points

allegations that CHF did not have a legal interest in the property to allow it to foreclose on November 1, 2011, state a plausible claim for wrongful foreclosure.  Therefore, the motion to dismiss the wrongful foreclosure claims is DENIED.

### B.    Theft by Deception

In the motion to dismiss, the defendant correctly points out that there is no private right of action for theft by deception, instead, that is a criminal statute. See American General Life & Accident Insurance Co. v. Ward, 509 F.Supp.2d 1324, 1330 (N.D. Ga. 2007).   The plaintiff offers no response to this argument. Accordingly, the motion to dismiss the theft by deception claim is GRANTED.

### C.    Negligent Supervision

In Count IV of the complaint, the plaintiffs allege that the defendant was negligent and breached a duty of good faith in failing to timely notify the plaintiffs that the petition for permanent modification had been denied.  In the motion to dismiss, the defendants argue that the plaintiff cannot sustain a claim for

out that in light of the merger, the foreclosure notice provided incorrect information regarding the lender who had authority to negotiate, amend, and modify the terms of the mortgage.  While the defendant is correct that the plaintiff may not utilize a response to a motion to dismiss to amend his complaint, the court will grant leave to the plaintiff to amend the complaint to raise a claim, if appropriate, under O.C.G.A. § 44-14-162.2.  The amended complaint shall be filed no later than April 27, 2012.

breach of good faith and fair dealing in the absence of a breach of contract claim.  In response, the plaintiff argues that this court has recognized a duty of lenders to exercise the power of sale fairly and in good faith.  <u>Decell v. Bank of america, N.A. f/k/a BAC Home Loans Servicings, LP</u>, 1:11-CV-4375-MHS (March 9, 2012).  However, in <u>Decell</u>, Judge Shoob held that a wrongful foreclosure claim based upon allegations of breach of good faith in executing a power of sale stated a plausible claim for relief. Here, the plaintiffs are setting forth a separate cause of a action  based upon the failure of the defendant to promptly notify them of the denial of the petition for permanent modification. There is no basis for this separate cause of action.  Accordingly, the motion to dismiss "Count IV: Negligent Supervision/Breach of Duty of Good Faith and Fair Dealing" is GRANTED.[2]

---

[2]   The court finds that a more carefully drafted pleading might state a claim for relief.  Therefore, the plaintiff may file an amended complaint adding a claim for wrongful foreclosure based upon the breach of duty of good faith and fair dealing.  The amended complaint shall be filed no later than April 27, 2012.

## IV.  Conclusion

The defendants' motion to dismiss [Doc. No. 2] is GRANTED in part and DENIED in part.  Counts III and IV are dismissed. Furthermore, the plaintiff is GRANTED leave to file an amended complaint to set forth the claims discussed in notes 1 and 2.

SO ORDERED, this 11th day of April, 2012.


/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL JR.
United States District Judge