UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BARRY F. JONES and KELI C. JONES, | | |
| Plaintiffs, | | CIVIL ACTION |
| v. | | NO. 1:12-CV-542-CAP |
| CHASE HOME FINANCE, LLC, and JPMORGAN CHASE BANK, N.A., | | |
| Defendants. | | |

**O R D E R**

This action is before the court on the defendants' motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. No. 12]. Also pending is the plaintiffs' request for clerk's entry of default [Doc. No. 17].

**I.   Background**

The original complaint in this action alleged causes of action against the defendants for (1) wrongful foreclosure-standing; (2) wrongful foreclosure-breach of duty of good faith and fair dealing; (3) theft by deception; and (4) negligent supervision [Doc. No. 1 at ¶¶ 35-76]. The court dismissed the theft by deception claim and the negligent supervision claim [Doc. No. 10]. The plaintiffs were given leave to file an amended complaint with respect to their claims for wrongful foreclosure. The First Amended Complaint [Doc. No. 11] was filed on April 14, 2012.

In the First Amended Complaint, the plaintiffs are seeking compensatory and punitive damages plus costs and attorney fees [Doc. No. 11, p. 23].  According to the amended complaint, on November 21, 2007, the plaintiffs refinanced the mortgage on their property located at 259 Spence Ave., SE, Atlanta, Georgia 30317 with Chase Bank USA, NA.  The plaintiffs executed a Deed to Secure Debt in favor of Chase Bank USA, NA.  On May 26, 2009, Chase Bank USA, NA executed an assignment that transferred, sold, assigned, conveyed, and set over all right, title and interest in the Security Deed to JPMorgan Chase Bank, NA.[1]  On December 21, 2010, Chase executed another assignment that transferred, sold, assigned, conveyed and set over all right, title and interest in the Security Deed to Chase Home Finance, LLC.

According to the amended complaint, in May 2009, the plaintiffs entered into a trial modification agreement and made payments under this agreement for fourteen months.[2]  In August 2010, the plaintiffs' mortgage payment was rejected.  The plaintiffs petitioned for a permanent modification on their loan and were told that their request was under consideration.

---

[1]  JP Morgan Chase, NA was not named as a defendant in the initial complaint.  This entity is a named defendant in the amended complaint.

[2]  The amended complaint does not specify with what entity the plaintiffs reached a trial modification agreement.

On June 23, 2011, the plaintiffs received a foreclosure notice indicating that CHF held their note and security deed.  This notice stated that the foreclosure would occur in August 2011.  No foreclosure occurred in August 2011.  On September 23, 2011, the plaintiffs received a foreclosure notice indicating that JP Morgan Chase held their note and security deed.  The September 23, 2011, notice stated that the foreclosure would occur in November 2011.

On October 3, 2011, the plaintiffs sent a letter to Johnson & Freedman, the foreclosure law firm, inquiring whether their request for modification had been approved.  The plaintiffs received correspondence from Johnson & Freedman stating that the plaintiffs' inquiry was forwarded to the client.  On October 31, 2011, the plaintiffs received a letter from Johnson & Freedman, informing them that on July 29, 2011, JPMorgan Chase determined the plaintiffs to be ineligible for the requested loan modification.

On November 1, 2011, one day after the plaintiffs were notified that the loan modification request was denied, the foreclosure of the property occurred.  The plaintiffs allege that had they been aware the modification request had been denied, they would have paid the money necessary to reinstate their mortgage loan or inquired into another option to save their home from foreclosure.

## II.   Motion to Dismiss [Doc. No. 12]

In considering a defendant's motion to dismiss, the court accepts the plaintiffs' allegations as true, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993). A complaint attacked by a Rule 12(b)(6) motion to dismiss generally does not need detailed factual allegations:

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). Ultimately, the complaint is required to contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim," but a complaint must also "provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005). A pleading that offers mere labels and conclusions or a formulaic recitation of the elements of a cause of action is subject to dismissal. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In adjudicating the instant motion to dismiss, the court has considered the exhibits attached to the First Amended Complaint as well as public records pertaining to the property at issue in this case.   A document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed.  Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (explaining that "undisputed in this context means that the authenticity of the document is not challenged");  Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and these documents are central to the plaintiff's claim, then the court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal.").

## A.   Wrongful foreclosure–Standing

"A claim for wrongful exercise of a power of sale under O.C.G.A. § 23-2-114 can arise when the creditor has no legal right to foreclose." Brown v. Freedman, 474 S.E.2d 73, 75 (Ga. Ct. App. 1996).   In Count I of the amended complaint, the plaintiffs assert, "Defendants had no legal standing to conduct a foreclosure sale on Plaintiffs' Property on November 1, 2011 because the entity that executed the Assignment on which the foreclosure sale

was based, Chase Bank USA, N.A., had already assigned all of its interests in the Security Deed to another entity, specifically JP Morgan Chase Bank, NA on May 26, 2009." [Doc. No. 11 at ¶ 47]. This claim is nonsensical because the plaintiffs named JP Morgan Chase as a defendant in the amended complaint.  Therefore, the valid assignment by Chase to JPMorgan Chase on May 26, 2009, gave JPMorgan Chase standing to foreclose on the property.  Moreover, the defendant has directed the court to public records that confirm that the entity that foreclosed on the plaintiffs' property was in fact JPMorgan Chase, N.A.  See Ex. E to the Defs.' Mot. to Dismiss [Doc. No. 12-6].  Accordingly, Count I of the amended complaint fails to state a claim for relief and is subject to dismissal.

**B.    Wrongful Foreclosure-Breach of Duty of Good Faith and Fair Dealing**

Pursuant to O.C.G.A. § 23-2-114, when a security deed lender forecloses under a power of sale, the lender has a duty to exercise that power of sale fairly and in good faith. See Aikens v. Wagner, 231 Ga. App. 178, 180 (1998). When the lender does not execute the power of sale fairly and in good faith, the debtor may sue for damages for the tort of wrongful foreclosure.

In the amended complaint, the plaintiff contends that the defendants breached the legal duty to exercise the power of sale

fairly and in good faith because the plaintiffs were not informed of the denial of their request for loan modification until one day before the foreclosure occurred.  This allegation ignores the September 23, 2011, foreclosure notice.  See Ex. F to the First Amended Complaint [Doc. No. 11-6].  There is no allegation that representations were made by the foreclosure law firm or either of the defendants that because the modification request was pending, the foreclosure proceedings would be halted.  At most, the plaintiffs have alleged that the defendants breached a duty owed to them under Home Affordable Modification Program ("HAMP").  However, there is no private right of action under HAMP.  See Miller v. Chase Home Finance, LLC, 677 F.3d 1113 (11th Cir. 2012).  Accordingly, Count II fails to state a claim for relief and is subject to dismissal.

### C.  Violation of Georgia Assignment Law

In Count III, the plaintiffs contend that the defendants violated O.C.G.A. § 44-14-162(b), which provides,

> The security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located.

The defendants have moved to dismiss this count arguing that the statute was complied with completely.  Attached to the motion to dismiss is the May 26, 2009, assignment of the security deed from

Chase Bank USA, N.A. to JPMorgan Chase Bank, N.A.  The face of the assignment indicates it was recorded in the DeKalb County Superior Court on July 31, 2009.  Ex. B to the Mot. to Dismiss [Doc. No. 12-3].

In response to the motion to dismiss this count, the plaintiffs attempt to raise a new claim—that the later assignment chilled bidding on the property at the foreclosure sale.  The plaintiffs may not amend their complaint via a response to the motion to dismiss.  Moreover, the theory advanced by the plaintiffs does not support the allegations of Count III.  Count III claims the defendants violated O.C.G.A. § 44-14-162(b).  The assignment filed in DeKalb Superior Court establishes that the defendants complied with the statute.  Accordingly, Count III is subject to dismissal.

**D.  Violation of Georgia Foreclosure Notice Law**

The plaintiffs contend that the two foreclosure notices they received did not comply with O.C.G.A. § 44-14-162.2 because the notices did not include the name, address, and telephone number of the individual or entity with full authority to negotiate, amend, and modify all terms of the mortgage with the debtor.  Both notices, however, provide the name, address, and telephone number of JPMorgan Chase.  <u>See</u> Exs. E and F to First Amended Complaint [Doc. Nos. 11-5 and 11-6].  The amended complaint contends that

neither Chase Home Finance nor JPMorgan Chase was the secured creditor.   However, the May 26, 2009, assignment from Chase to JPMorgan Chase, duly recorded on July 31, 2009, resulted in JPMorgan Chase being the secured creditor.   Therefore, both notices complied with  O.C.G.A. § 44-14-162.2.

In response to the motion to dismiss, the plaintiffs improperly attempt to amend their claim regarding the foreclosure notice.   The opposition brief contends that the two foreclosure notices contained conflicting information as to the proper entity to modify the loan.   This theory of the wrongfulness of the foreclosure notice was not alleged in the amended complaint. Moreover, it is factually incorrect.   Both foreclosure notices provided the same name, address, and phone number information—that of the secured creditor, JPMorgan Chase.   Accordingly, Count IV is subject to dismissal.

### E.   Failure to Timely Record Deed Under Power of Sale

The plaintiffs contend that the defendants violated O.C.G.A. § 44-14-160 by failing to record the deed under power of sale within 90 days of foreclosure.   The defendants offered no basis for dismissal of this claim in their motion to dismiss.   In the reply brief, the defendants argue that the plaintiffs cannot point to authority for sanctions against them for failure to comply with O.C.G.A. § 44-14-160.   Also, the defendants state that the

plaintiffs cannot provide any evidence that the recordation of the deed under power outside the 90-day window invalidates the foreclosure.

First, a reply brief is not an appropriate avenue for raising new arguments.  Also, the contention that the plaintiffs cannot provide "evidence" that the foreclosure was invalidated because the deed under power was not timely recorded is not properly raised in a motion to dismiss pursuant to Rule 12.  Moreover, the lack of authority as to an available sanction with respect to a violation of O.C.G.A. § 44-14-160 does not entitle the defendants to dismissal of the plaintiff's claim.  The statute was amended in 2008 to add the 90-day time limit.  The General Assembly added this requirement purposefully.  Therefore, the fact that there is not yet authority on the consequences of violating the time requirement does not nullify the cause of action.  The motion to dismiss Count V is DENIED.

**F.    Failure to Notify Plaintiffs of the Sale or Transfer of Loan**

Count VI of the complaint asserts a cause of action for a violation of the notice requirement of the Truth in Lending Act ("TILA"), specifically 15 U.S.C. § 1641.  The defendants have moved to dismiss this claim arguing that it is barred by TILA's one-year statute of limitation.  The plaintiffs do not address this argument in the response brief.  Because the dismissal of Count VI is unopposed, the motion to dismiss is GRANTED as to Count VI.

**G.   Attorneys Fees and Punitive Damages**

Counts VII and VIII are not substantive causes of action. Rather, they seek damages in the form of attorneys fees and punitive damages.  Because the plaintiff does not seek punitive damages on the single remaining count from the complaint, the claim for punitive damages is subject to dismissal.  The plaintiff does seek and may be entitled to attorney fees with respect to the count that survives the motion to dismiss.  Therefore, the claim for attorney fees will remain in the case.

**III. Request for Clerk's Entry of Default [Doc. No. 17]**

The plaintiffs have filed a request for clerk's entry of default against the defendants [Doc. No. 17], arguing that the

filing of a Rule 12(b)(6) motion to dismiss an amended complaint does not toll the time for filing an answer to the amended complaint.  In support of their position, the plaintiffs cite a case from the Federal Circuit Court of Appeals, General Mills, Inc. v. Kraft Foods, Global, 487 F.3d 1368 (Fed. Cir. 2007).

The holding urged by the plaintiff would circumvent the purpose of Rule 12(a)(4), the tolling provision that is triggered by filing a motion to dismiss.  While a literal reading of Rules 12 and 15 may support the plaintiffs' contention, the court is unwilling to apply the rules in this rigid fashion.  Furthermore, the court is unpersuaded by the General Mills decision. Therefore, the request for clerk's entry of default [Doc. No. 17] is DENIED.

## IV.  Conclusion

The defendants' motion to dismiss [Doc. No. 12] is GRANTED IN PART and DENIED IN PART.  All counts except V and VII are dismissed.  The plaintiffs' motion for entry of default [Doc. No. 17] is DENIED.

The defendants' response to the remaining claims shall be filed no later than July 2, 2012.

SO ORDERED, this 18th day of June, 2012.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL JR.
United States District Judge

12